## LEADON v. TRUCK INS. EXCHANGE.

### No. 12476.

Court of Civil Appeals of Texas. Galveston.
Dec. 11, 1952.

Eugene N. Catlett, of Houston (Burris, Benton, Baker & Zwiener, Houston, of counsel), for appellant.

W. Richard Bernays and Lucian Touchstone, of Dallas, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a workmen's compensation suit, brought by appellant, Wardell Leadon, in the District Court of Harris County, to set aside an award of the Industrial Accident Board.

Appellant alleged that he had previously filed a similar suit in the United States District Court for the Southern District of Texas, seeking recovery in the same allega-tions as in this suit except that he had alleged in the suit in the Federal Court a diversity of citizenship as grounds for jurisdiction and that the suit in the Federal Court had been dismissed in March, 1952. The court held that the Exchange could be sued in its own name. Appellee's pleas in bar and to the jurisdiction of the State Court were sustained by the trial court, and the suit was dismissed.

Appellant relies for reversal upon one point of assigned error. He contends that the trial court erred in sustaining appellee's plea to the jurisdiction and the plea in bar and dismissing this action, and that appellant was entitled to maintain his suit under the terms of Article 5539a, V. A. T. S. The only question presented on the appeal is whether Article 5539a, V. A. T. S. applies to the circumstances in this case.

The Industrial Accident Board made an award in the instant case which was a final ruling. Appellant gave notice of his intention to bring a suit to set aside the award within the twenty days required. Action was filed by appellant in the Federal Court within twenty days of said notice in the county where the injury occurred. This action was filed in the District Court of Harris County within sixty days after the dismissal by the Federal Court.

The record in the case is brief. It consists of plaintiff's petition, appellee's answer containing the plea in bar and plea to the jurisdiction of the court, and the order of dismissal sustaining appellee's pleas to the jurisdiction.

Article 8307, Sec. 5, V. A. T. S. provides that any interested party who is not willing to abide by the decision of the Board shall, within twenty days after said ruling, file with the Board notice that he will not abide by said ruling, and that he will within twenty days after giving such notice, bring suit in the county where the injury occurred to set aside the award, and the Board shall proceed no further toward the adjustment of said claim. Article 8307b, V. A. T. S., provides that in the trial of any cause to set aside the Board's ruling, the following, if plead, shall be presumed to be true unless denied by verified pleadings: (1)

Notice of injury, (2) Claim for compensation, (3) Award of the Board, (4) Notice of intention not to abide by the award of the Board, and (5) Filing of suit to set aside award.

Article 5539a, V. A. T. S., provides that "When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction."

Article 8307, Section 5, V. A. T. S., after providing for the giving of notice of dissatisfaction and of intention to appeal within twenty days of the rendition of a final ruling and decision by the Board, reads, " * * * And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said Board shall proceed no further * * *. If any party to any such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, * * *."

In the case of Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1087, the Supreme Court, in its opinion, said, "The Workmen's Compensation Act having created the rights to be enforced and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies."

In the case of Beal v. Texas Indemnity Ins. Co., Tex.Com.App., 55 S.W.2d 801, it was held that the twenty day time limit within which the suit must be filed is jurisdictional and mandatory. The following authorities are in accord with the rule announced in the Beal v. Texas Indemnity Ins. Co. case, supra: Garrett v. Hartford Accident & Indemnity Co., Tex.Civ.App., 107 S.W.2d 726, and Oilmen's Reciprocal Association v. Franklin, 116 Tex. 59, 286 S.W. 195.

In the case of Texas Employers' Insurance Association v. Cook, Tex.Civ.App., 55 S.W.2d 205, 206, the court said, "Our courts in construing said statute have held that same is jurisdictional, and, unless the suit is filed within said twenty days, the trial court does not obtain jurisdiction thereof."

In the case of Consolidated Underwriters v. Adams, Tex.Civ.App., 97 S.W.2d 323, reversed on other grounds, 133 Tex. 26, 124 S.W.2d 840, it was held that compliance with Section 5 of Article 8307 requiring suit to set aside a compensation award within twenty days after giving of notice of appeal is mandatory and jurisdictional.

In the case of Price v. Continental Casualty Co., Tex.Civ.App., 229 S.W.2d 887, 888, it was held that where the defendant had filed its plea to the jurisdiction and plea in bar, which were sustained by the trial court, "If the court, where suit is filed, is without jurisdiction of the cause of action stated in the petition, then the filing of the petition is not the 'commencement and prosecution of a suit' and does not have the effect of interrupting limitation. * * * Since the court had no jurisdiction of the cause of action stated and the filing of such petition did not amount to the 'commencement and prosecution of a suit' and since the amended petition which did state a cause of action within the jurisdiction of the County Court was not filed within the time provided and required by the statute, we are of the opinion that the court did not err but properly sustained the plea in bar and to the jurisdiction."

In the case of Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W. 2d 598, 600, the court said, "It is settled by

the decisions of this Court that the provision of Section 5 of Article 8307, just quoted, considered alone, requiring suits to set aside the final rulings and awards of the Industrial Accident Board to be filed in the county where the injury occurred, was mandatory and jurisdictional, and that the courts of no other county had jurisdiction to hear or determine such suits." (Citing authorities.)

In the case of Texas Employers' Insurance Association v. Leake, Tex.Civ.App., 196 S.W.2d 842, 844, writ of error refused, n. r. e., it is said, "The liberality with which the Act is to be construed cannot be extended so as to ignore the plain unambiguous language by virtue of which the Legislative Act is to effectuate its most wholesome purpose. Its very strength lies in the language of the statute and any recovery must come within its provisions. There are many essential elements which enter into the rights of one seeking to recover compensation under the Act. A compliance with each is necessary for the courts to acquire jurisdiction on the statutory appeal from the award of the Board."

Appellant contends that he is relieved from the necessity of compliance with the statutory provisions by the terms of Article 5539a, V. A. T. S. Said Article 5539a, provides that, "When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction."

In Garrett v. Hartford Accident & Indemnity Co., supra, [107 S.W.2d 728] suit was first brought in due time in a State Court having jurisdiction of the suit. Thereafter the defendant by virtue of diversity of citizenship removed the case to the United States District Court, which had jurisdiction. Thereafter plaintiff took a voluntary nonsuit and the following day, which was more than twenty days after giving notice of appeal, instituted another suit in the State Court for an amount less than $3,000. The court held that regardless of the applicability of Art. 5539a to Workmen's Compensation cases, it was in any event of no avail to the plaintiff because it is limited to cases where the suit was first filed in a court which lacked jurisdiction, and that the court in which the suit was filed had jurisdiction. Continuing, the court said, "Moreover, said statute (Article 5539a) is a general statute with reference to limitation. If applicable here, it has no special reference, even as a limitation statute, to Workmen's Compensation cases as does Article 8307a * * *."

In the case of Bear v. Donna Independent School District, Tex.Civ.App., 85 S.W.2d 797, 799, writ of error dismissed, a school superintendent was discharged by the Board of Trustees and instead of prosecuting his appeal to the State Superintendent, he filed suit in the District Court for an injunction. This appeal was dismissed for want of jurisdiction and Bear then sought to take his appeal to the State Superintendent on the theory that Article 5539a gave him sixty days after his original suit was abated for want of jurisdiction within which to perfect his appeal to the State Superintendent. The court said, "We overrule this contention. Article 5539a is a statute of limitation and in no way affects the time within which a right of appeal may be taken."

In the case of Industrial Accident Board v. Glenn, 144 Tex. 378, 190 S.W.2d 805, 807, the court held that, " * * * it is the established rule in this court that where the cause of action is derived from a statute and not from the common law, as is the case in a suit for workmen's compensation, the provisions of the statute must be complied with or an action is not maintainable in the courts."

It follows that the judgment of the trial court must be affirmed.

CODY, J., not sitting.