Joe I. BRADEN, Appellant,

v.

TRANSPORT INSURANCE CO., Appellee.

No. 15350.

Court of Civil Appeals of Texas.

Dallas.

Nov. 8, 1957.

Leslie Hackler and John B. Wilson, Jr., Dallas, for appellant.

Leachman, Gardere, Akin & Porter and J. Carlisle DeHay, Jr., Dallas, for appellee.

DIXON, Chief Justice.

Appellant filed a workmen's compensation suit which the trial court dismissed for lack of jurisdiction for the reason that the suit had been filed more than 20 days after the award by the Industrial Accident Board. Appellant contends that under the provisions of Art. 5539a, Vernon's Ann.Civ.St. the suit was filed within the 20-day period.

The material facts are undisputed. On September 18, 1956 the Industrial Accident Board made its award. On September 20, 1956 appellant notified the Board of his dissatisfaction and intention to appeal. On October 1, 1956 appellant filed suit against appellee in the United States District Court at Dallas, Texas. On October 27, 1956 the United States District Court dismissed appellant's suit because of a lack of diversity of citizenship. On October 27, 1956 appellant filed suit against appellee in a District Court of the State of Texas. On March 20, 1957 the suit was dismissed in the State court on the ground that the court did not have jurisdiction, the suit having been filed in the State court more than 20 days after appellant gave notice on September 20, 1956 that he would not abide by the Board's final ruling and decision.

Article 8307, sec. 5, V.A.C.S., contains this provision:

"* * * If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within twenty (20) days to in-

stitute and prosecute such a suit to set the same aside, then said final ruling and decision shall be binding on all parties thereto * * *."

It is well established that the provisions of our Workmen's Compensation Statute with respect to the successive steps in the progress and maturity of a claim, are mandatory, and the provisions of the statute must be complied with or an action is not maintainable in the courts. Industrial Accident Board v. Glenn, 144 Tex. 378, 190 S.W.2d 805; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084. See note.[1] This rule applies to Art. 8307, V.A.C.S., Traders & General Ins. Co. v. Stanaland, Tex.Civ.App., 189 S.W.2d 55 (affirmed by 145 Tex. 105, 195 S.W.2d 118); Garrett v. Hartford Accident & Indemnity Co., Tex.Civ.App., 107 S.W.2d 726; Oilmen's Reciprocal Assn. v. Franklin, 116 Tex. 59, 286 S.W. 195.

But, says appellant, the rule must be interpreted in the light of Art. 5539a, V.A.C.S., which provides that when an action shall be dismissed because of want of jurisdiction, and within 60 days thereafter such action shall be commenced in a court of proper jurisdiction, the period between the first filing and the second filing shall not be counted as a part of the period of limitation.

The question has already been decided adversely to appellant's contention. In a case where the facts are almost identical with the facts in this case, it was held that Art. 5539a, V.A.C.S. does not apply to the Workmen's Compensation Act because Art. 5539a, V.A.C.S. is a general statute of limitation which does not affect special statutory proceedings such as those enumerated in the Workmen's Compensation Act. Leadon v. Truck Insurance Exchange, Tex. Civ.App., 253 S.W.2d 903. See also Garrett v. Hartford Accident & Indemnity Co., Tex.Civ.App., 107 S.W.2d 726; 34 Am.Jur. 226; and 54 C.J.S. Limitations of Actions § 288, pp. 351–353. Appellant's point on appeal is overruled.

The judgment of the trial court is affirmed.

---

1. After Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 in 1926, the Legislature in 1931 amended the Workmen's Compensation Act so that particular section of the Act litigated in the Mingus case (concerning proper venue), was changed. See Arts. 8307a and 8307b, V.A.C.S. However the general principle announced in the Mingus case was not changed by the legislative enactments; and our courts have continued to hold that the procedural provisions of the Workmen's Compensation Act are mandatory.