**PAN AMERICAN FIRE & CASUALTY COMPANY, Appellant,**

**v.**

**Robert ROWLETT, Appellee.**

**No. 4533.**

Court of Civil Appeals of Texas, Eastland.

April 14, 1972.

Rehearing Denied May 12, 1972.

Joe E. Shaddock, Wichita Falls, for appellant.

Bob L. Wilson, Wichita Falls, Virgil Seaberry, Eastland, for appellee.

McCLOUD, Chief Justice.

This is a summary judgment case. The Industrial Accident Board entered its final ruling and decision on December 10, 1970, awarding certain compensation benefits to Robert Rowlett. Rowlett then filed suit in the United States District Court at Wichita Falls, Texas, to set aside such final award. He alleged that he was a citizen of Virginia and the Pan American Fire and Casualty Company was a citizen of Texas. Pan American filed a notice of intent to appeal the award of the Board on December 21, 1970. On April 2, 1971, Pan American filed a motion to dismiss the suit alleging that no diversity of citizenship existed. The United States District Court

granted Pan American's motion and dismissed Rowlett's suit on April 9, 1971. Pan American then filed the instant suit on April 23, 1971, in the District Court of Eastland County, Texas, attempting to appeal the award of the Board dated December 10, 1970.

Rowlett filed a motion for summary judgment in the State court contending that the award of the Board became final and binding on all parties because Pan American failed to file its suit within the twenty days allowed by law after giving notice of intent to appeal. The trial court granted Rowlett's motion. Pan American Fire and Casualty Company has appealed. We affirm.

Article 8307, Sec. 5, Vernons' Ann.Civ. St., provides:

" . . . If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto. . . ."

■ It is well established that the sixty day period provided for in Article 5539a, V.A.C.S., in which to file in a proper court a suit dismissed for want of jurisdiction does not apply to the Workmen's Compensation Act because Article 5539a, V.A.C.S., is a general statute of limitation which does not affect special statutory proceedings such as those enumerated in the Workmen's Compensation Act. Braden v. Transport Insurance Co., 307 S.W.2d 655 (Tex.Civ.App.—Dallas 1957, no writ); Leadon v. Truck Ins. Exchange, 253 S.W. 2d 903 (Tex.Civ.App.—Galveston 1952, no writ); Galacia v. Texas Employers' Insurance Association, 348 S.W.2d 417 (Tex. Civ.App.—Waco 1961, writ ref'd, n. r. e.).

Appellant attempts to excuse its delay in filing suit to set aside the award by alleging fraud on the part of appellee which would prevent the running of limitations. Richards v. Consolidated Underwriters, 411 S.W.2d 436 (Tex.Civ.App.—Beaumont 1967, writ ref'd.). Appellant says that appellee's conduct in filing suit in Federal Court and falsely alleging that he was a citizen of Virginia constituted fraud and tolled the running of the limitation period. We do not reach the question of whether a genuine material issue of fraud exists because we think the summary judgment proof establishes conclusively that appellant had knowledge of the alleged fraud twenty days before suit was filed in Eastland County.

Appellant's attorney stated in an affidavit in opposition to Rowlett's motion for summary judgment that he "had no notice or knowledge of the falsity of Plaintiff's representations as to his citizenship and domicile until approximately the middle of March, 1971, . . ." Such affidavit further states that at a pre-trial hearing in Federal court on March 29, 1971, appellant's attorney advised "the Federal District Judge that the Plaintiff had falsely stated to the Court and sworn in his deposition that he was a citizen and resident of Virginia when in fact the plaintiff still maintained his residence and domicile in Eastland County, Texas." On April 2, 1971, appellant filed a motion in Federal court to dismiss for want of jurisdiction alleging that there was no diversity of citizenship. This motion contained several affidavits which tended to show that Rowlett was not a citizen of Virginia. All of the above mentioned events occurred more than twenty days before April 23, 1971, the date appellant filed its suit in the District Court of Eastland County.

■ The rule has long prevailed in this State that fraud will prevent the running of a statute of limitation only until such time as the fraud is discovered, or by the exercise of reasonable diligence it might have been discovered. Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319 (1941).

In Polk Terrace, Inc. v. Curtis, 422 S. W.2d 603 (Tex.Civ.App.—Dallas 1967, writ ref'd., n. r. e.) the Court said:

"It is our opinion that as a matter of law in the light of their own testimony, appellees for more than two years prior to the institution of their suit on October 1, 1965 had knowledge of such facts as would cause a reasonably prudent person to make inquiry which would have led to a discovery of the fraud. In White v. Bond, 362 S.W.2d 295 (Tex.Sup.1962), it is said, 'Knowledge of such facts is in law knowledge of the fraud itself.' See also Wise v. Anderson, 163 Tex. 608, 359 S.W.2d 876 (1962); Glenn v. Steele, 141 Tex. 565, 61 S.W.2d 810 (1933); Lindsey v. Dougherty, 60 S.W.2d 300 (Tex. Civ.App., Amarillo 1933, writ ref'd.)."

■ The summary judgment proof established conclusively that more than twenty days before appellant filed its suit in State court it was alleging in Federal court that appellee had falsely stated that he was a citizen of Virginia. Appellant sought a dismissal of the suit in Federal court on the ground that there was no diversity of citizenship. That request was granted. It was then too late for either party to file a suit to set aside the award in State court. Braden v. Transport Insurance Co., 307 S. W.2d 655 (Tex.Civ.App.—Dallas 1957, no writ); Leadon v. Truck Ins. Exchange, 253 S.W.2d 903 (Tex.Civ.App.—Galveston 1952, no writ). Appellant alleged fraud in an attempt to prevent the limitation period from running. However, by appellant's own evidence it is conclusively established that it knew of the alleged fraud at least twenty days before suit was filed.

We have considered all of appellant's points of error and all are overruled. The judgment of the trial court is affirmed.