Jorge A. GUTIERREZ, Liquidating agent for Rio Grande Savings and Loan Association, and Rio Grande Savings and Loan Association, in Liquidation, Appellants,

v.

Kenneth D. LEE and Norma B. Lee, Individually and as Class Representatives, Appellees.

No. 3–90–208–CV.

Court of Appeals of Texas, Austin.

June 26, 1991.

Rehearing Overruled Aug. 14, 1991.

John B. McFarland, Austin, for appellants.

William L. Morrow, Harlingen, for appellees.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

CARROLL, Chief Justice.

An insolvent savings and loan association and its liquidator appeal a judgment declaring that: (1) the claims of individual retirement account depositors are entitled to priority over other deposits; and (2) a federal suit tolled limitations as to the depositors' claims. We conclude that the federal suit did not toll limitations. Consequently, we reverse the trial court's judgment and remand this cause for further proceedings.

## BACKGROUND

The facts of this case are undisputed. Before its demise, Rio Grande Savings and Loan in Harlingen was the last uninsured savings and loan association in Texas. In April 1988, the Texas Savings and Loan Department declared Rio Grande insolvent and appointed Jorge Gutierrez to be its liquidating agent. *See* Savings and Loan Act (the Act), Tex.Rev.Civ.Stat.Ann. art. 852a, § 8.09 (Supp.1991). Gutierrez determined that Rio Grande's assets were inadequate to satisfy in full the claims of all of its depositors. Consequently, some claims would be satisfied only in part, while others would not be paid at all, depending on their respective places in the priority scheme. *See* Act, § 8.09(g).

During the liquidation, a dispute developed between Gutierrez and some of Rio Grande's individual retirement account (IRA) depositors. Gutierrez had approved the claims of the IRA depositors and assigned the claims the same priority as those of other depositors. The IRA depositors contended, however, that their claims were entitled to special priority because their IRA accounts were trusts and, thus, "special deposits."

Several of the IRA depositors, including Kenneth and Norma Lee, filed a class action against Rio Grande and Gutierrez in the United States District Court for the Southern District of Texas, Brownsville Division. The IRA depositors sought a declaration that the IRA funds were trust funds entitled to priority over other deposits. They also alleged that Gutierrez' decision on their claims, in his capacity as a court-

appointed receiver, deprived them of their property under color of law and without due process, in violation of the Federal Civil Rights Act, 42 U.S.C.A. § 1983 (1981).

While the federal suit was pending, the Lees and other IRA depositors filed an action in Travis County district court, asserting the same causes of action. The state suit, as filed, was not a class action. Rio Grande and Gutierrez (collectively, Rio Grande) responded with a motion to designate the class of IRA depositors and a counterclaim for declaratory judgment that the IRAs were general deposits, not entitled to special priority. *See* Declaratory Judgment Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–37.011 (1986 & Supp.1991). In addition, Rio Grande asserted that the claims of most of the IRA depositors were barred by the three-month limitation period applicable to appeals of claim determinations by association liquidators. *See* Act, § 8.09(f). The state court certified the class of IRA holders, designating the Lees class representatives. *See* Tex.R.Civ. P.Ann. 42 (1979 & Supp.1991).

After a bench trial, the state court ruled that: (1) the IRAs were special deposits, entitled to priority over general deposits; (2) the IRA depositors were not entitled to interest on their claims after the date Rio Grande was placed in conservatorship; and (3) the federal suit tolled the three-month limitations period. The court also awarded fees to the attorney for the class.

Rio Grande brings two points of error, asserting that the trial court erred in declaring the IRAs special deposits and in concluding that the federal suit tolled the three-month limitations period. The class of IRA depositors brings one cross point of error, complaining that the trial court erred in not awarding interest on the IRA deposits. We need address only Rio Grande's limitations contention.

## THE CONTROVERSY

Under the Savings and Loan Act, a claimant may challenge a liquidator's decision on a claim by filing suit in Travis County district court within three months. Rio Grande asserts that this is a mandatory procedure which governs all claims against an insolvent association, and that most of the class of IRA depositors did not comply with it. The class does not dispute that the Travis County suit was untimely as to most of its members, but argues that the federal suit satisfied or tolled the Act's provisions. We will assume for the purpose of the following analysis that the state suit was untimely as to most of the class.

## DISCUSSION

Section 8.09(f) of the Act establishes procedures for appealing claim decisions by liquidating agents. A claimant who contests a liquidator's determination may appeal the decision by filing suit (1) within three months from the day the liquidator mails notice of his decision regarding the claim, (2) in the district court in Travis County. Act, § 8.09(f). If the claimant does not so appeal, the liquidator's action "shall be final and not subject to review." *Id.*

In this case, it appears that most of the IRA depositors did not comply with the express terms of § 8.09(f). The federal suit, while timely, was filed in the wrong court. The Travis County suit, on the other hand, was not timely as to most of the class. Accordingly, Gutierrez' decisions as to most of the class members' claims are final and not subject to review.

The class members advance four arguments in support of the judgment. First, they argue that § 8.09(f) is not jurisdictional, so the federal suit satisfied the Act's requirements. Second, they contend that their claims are derived from the common law, and so the statutory scheme in § 8.09(f) does not apply to them. Third, they assert that the federal suit tolled limitations. Finally, they argue that the three-month limitations period is unconstitutional. We will address each of these arguments in turn.

### A. Section 8.09(f) is Jurisdictional

■ First, the class members argue that § 8.09(f) is not "jurisdictional," so the federal suit satisfied the procedural require-

ments for appeal. We believe that § 8.09(f) is mandatory and, thus, jurisdictional.

■ Central to this dispute is the distinction between mandatory and directory statutes. Violation of a mandatory or imperative statute invalidates any acts or proceedings pursuant to the statute. 2A Singer, Sutherland Statutory Construction § 57.01 (rev. ed. 1984). The determination of whether a statute is mandatory is one of statutory construction. *Id.* § 57.02. Several principles for determining if a statute is mandatory apply to this case. A statute is usually mandatory if it places the burden of protecting an individual's rights on the individual, *Id.* § 57.17, or if it specifies the consequences which will result from its violation, *Id.* § 57.08. In addition, any statute which vests the exclusive power to try a certain type of case in the courts of a single county is mandatory and jurisdictional. 1 McDonald, Texas Civil Practice § 4.02 (rev. ed. 1981).

■ Applying these rules, we conclude that § 8.09(f) vests mandatory jurisdiction for the appeal of liquidator claims in the Travis County district court.[1] Section 8.09(f) makes an individual claimant's rights depend only on his own diligence in filing suit and specifically provides that an unappealed decision is final and not subject to review. Further, § 8.09(f) designates a specific court—the district court of Travis County—for these suits. *See Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926) (mandatory jurisdiction under workers' compensation act); *State v. Autumn Hills Centers, Inc.*, 705 S.W.2d 181 (Tex.App. 1985, no writ) (mandatory jurisdiction for arrest expunction suit).

Because the Travis County district court has mandatory jurisdiction over these cases, the class members' suit in federal court did not satisfy the Act. Numerous other Texas statutes provide for the appeal of an award by an administrative or other authority to specific district courts. It has repeatedly been held that only the specified courts have jurisdiction and actions by other courts are void. *See Alpha Petroleum Co. v. Terrell*, 122 Tex. 257, 59 S.W.2d 364, 367–68 (1933); *Texas Steel Co. v. Fort Worth & D.C. Ry. Co.*, 120 Tex. 597, 40 S.W.2d 78, 82–3 (1931); *State v. Novall*, 770 S.W.2d 589, 590 (Tex.App.1989, writ denied); *Carter v. Dean*, 660 S.W.2d 866, 867 (Tex.App.1983, no writ).

The class relies on this court's decision in *Whitson v. Harris*, 792 S.W.2d 206 (Tex. App.1990, writ denied), arguing that § 8.09(f) is merely a statute of limitations, and is not jurisdictional. Their reliance is misplaced. *Whitson* involved an appeal of a claim decision by a receiver for an insolvent insurance company. Under statute, that appeal had to be brought within three months in the court in which the receivership was pending. The plaintiff timely brought suit, but in an improper county. The defendant obtained a transfer to the proper county, then moved for summary judgment on the ground that limitations had run before the case was transferred. The trial court granted the summary judgment.

This Court reversed, holding that the defendant had not met his summary judgment burden as to *limitations*. 792 S.W.2d at 210. Because the case was transferred pursuant to a venue provision, it was as if the case had originally been filed in the proper court. *Id.* at 209. The *Whitson* court never expressly addressed whether the statute involved was jurisdictional. Moreover, this cause is distinguishable: cases improperly filed in federal court may not be transferred to the proper state court.

**B. Section 8.09(f) Applies to the Class Members' Claims**

In a related argument, the class members contend that, even if § 8.09(f) is mandatory, it does not apply to this action. They argue that special statutory proceedings apply only to statutory causes of ac-

---

1. The original petition filed by the Lees in state court admits as much, stating "Plaintiffs have been forced to bring this suit as a protection of their rights under the law because of the mandatory nature of … § 8.09(f)…."

tion. They then insist that § 8.09(f) does not apply to them because their suit is a common law action to recover their deposits.

We disagree with the class members' characterization of this suit as a common law action. The authority for the suit, not the basis for the claim, controls our determination. Most claims against insolvent associations are based on the common law of torts or contracts. Section 8.09(f) would be meaningless if it did not apply where a common law basis for a claim exists. Whatever the class calls this action, it is a direct challenge to Gutierrez' decision on the IRA depositors' claims. It falls, therefore, within the ambit of § 8.09(f) as an appeal of a liquidator's decision. There is no common law right to an appeal of a liquidator's claim determination. That right is purely statutory. Therefore, § 8.09(f) governs the class members' claims.

### C. The Federal Suit did not Toll Limitations

■ The class members next argue, and the trial court concluded, that the federal suit tolled the three-month limitations period. In this regard, the class members rely on the statutory provision that tolls limitations for certain cases which are dismissed for lack of jurisdiction. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.064(a) (1986).

Generally, § 16.064 will "save" from the limitations bar a case filed in a court lacking jurisdiction. The saving provision suspends the running of the limitations period if: (1) because of lack of jurisdiction, the case is dismissed or the judgment is set aside or annulled in a direct proceeding; and (2) the plaintiff refiles the case in the proper court within sixty days after the dismissal or other disposition becomes final. Section 16.064(a).

Section 16.064 does not apply to this case for two reasons. By its express terms, § 16.064 does not suspend the running of limitations until (a) the court without jurisdiction dismisses the case (b) because it lacks jurisdiction. In this case, the federal court had not dismissed the class action or

otherwise disposed of it, on any ground, when the state suit was filed.

■ In addition, § 16.064 does not apply to this case because it involves a special statutory proceeding. Section 16.064, because it is an exception to the general limitations provisions, does not govern proceedings created by statute to enforce statutory rights. *Castillo v. Allied Insurance Co.*, 537 S.W.2d 486, 487 (Tex.Civ.App.1976, writ ref'd n.r.e.); *Braden v. Transport Ins. Co.*, 307 S.W.2d 655, 656 (Tex.Civ.App.1957, no writ); *Leadon v. Truck Ins. Exchange*, 253 S.W.2d 903, 905 (Tex.Civ.App.1952, no writ); *Poole v. Rutherford*, 199 S.W.2d 665, 668 (Tex.Civ.App.1947, writ ref'd n.r.e.).

*Castillo* and *Leadon* are very similar to this case. Both involve appeals of workers' compensation awards, which must be brought within twenty days of the Industrial Accident Board's decision. Both plaintiffs timely filed suit, but in federal court. The federal courts dismissed for lack of jurisdiction; both plaintiffs refiled in state court, after the twenty days had run. In each case, the plaintiff argued that the saving statute suspended the limitations period between the dismissal of the federal suit and the filing of the state suit. Each court held the saving statute inapplicable to special statutory proceedings, such as appeals in workers' compensation cases. *Castillo*, 537 S.W.2d at 487; *Leadon*, 253 S.W.2d at 905.

Appeals of liquidator claim decisions are also special statutory proceedings. Accordingly, as in *Castillo* and *Leadon*, the saving statute does not apply to this case.

### D. The Three-month Limitations Period is Constitutional

■ Finally, the class members argue that the three-month period for appealing claim determinations by liquidators violates the "open courts" provision of the Texas Constitution, Tex.Const.Ann. art. I, § 13 (1984). Specifically, they argue that three months is an unreasonably short period of time for a claimant to determine whether

he has a right of redress and whether to challenge the liquidating agent's action.

 Article I, § 13 of the Texas Constitution provides that all courts shall be open and every person shall have a remedy for his injuries by due process of law. A statute denies due process, in violation of the open courts provision, if it unreasonably abridges a justiciable right to obtain redress for injuries caused by the wrongful acts of another. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983). The legislature may not abrogate the right to bring a well-established common law cause of action absent a showing that the legislative basis for the abrogation outweighs the denial of the constitutionally guaranteed right of redress. *Id.*

 A statute of limitations violates § 13 if it makes it impossible for the plaintiff to enforce his rights. *See Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex.1984) (unconstitutional provision barred some claims before claimants discovered them); *Sax*, 648 S.W.2d at 667 (unconstitutional provision barred action by minor before she reached age of majority); *Fitts v. City of Beaumont*, 688 S.W.2d 182, 185 (Tex.App. 1985, writ ref'd n.r.e.) (notice-of-claim provision in city charter was unconstitutional because it did not contain a "good cause" exception).

We conclude that § 8.09(f) does not violate the open courts provision. In this case, the class does not argue that the three-month limitations provision of § 8.09(f) made it impossible for them to timely appeal their suit. In fact, the class did timely file, although in the wrong court. We have not found, and the class has not cited, any authority for the proposition that a provision is unconstitutional because it limits the period in which the plaintiff may analyze his case. Even if that were the case, we conclude that a three-month period is sufficient to perfect an appeal.

## CONCLUSION

We sustain Rio Grande's second point of error because the trial court erred in concluding that the federal suit tolled limitations. Because the trial court concluded that the federal suit tolled limitations, it made no findings as to whether the state court suit was timely for any of the class members. All of the class members' claims may be time-barred. If so, the issue of whether the IRAs are special deposits would be moot. We may not address moot issues. Thus, we will not reach Rio Grande's first point of error or the IRA depositors' cross point. *See* Tex.R.App. P.Ann. 90(a) (Pamph.1990). We reverse the trial court's judgment and remand the cause for further proceedings.