**ARGONAUT SOUTHWEST INSURANCE COMPANY, Appellant,**

v.

**Amos WALKER, Appellee.**

**No. 06–01–00038–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Dec. 5, 2001.

Decided Dec. 21, 2001.

Rehearing Overruled Jan. 23, 2002.

Don Swaim, Kern and Wooley LLP, Irving, for appellant.

James E. Polk II, Attorney At Law, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Amos Walker filed suit in Delta County appealing the determination by the Texas Workers' Compensation Commission (TWCC) that he had an impairment rating of thirteen percent. Argonaut Southwest Insurance Company appeals a jury verdict finding Walker's impairment is fifteen percent. Argonaut's sole contention is the

trial court lacked jurisdiction to hear and render judgment in this case.

On January 8, 1991, Walker suffered a work-related injury. At the time of the injury, Walker resided in Delta County. Walker filed a worker's compensation claim and appealed the TWCC's determination of his impairment rating. The TWCC filed its decision affirming the impairment rating on July 27, 1994.

Walker appealed the TWCC's decision on September 1, 1994, by filing suit in the 76th Judicial District Court of Titus County, but that court dismissed his case on September 17, 1997, because it lacked subject-matter jurisdiction due to the fact Walker resided in Delta County at the time of injury, not Titus County.[1] Walker then filed suit on November 12, 1997, in the 62nd Judicial District Court of Delta County, appealing the TWCC decision of July 27, 1994. The district court in Delta County rendered judgment on August 28, 2000, in Walker's favor pursuant to a jury verdict. Argonaut appeals, contending the trial court lacked jurisdiction to hear Walker's case.

■ Under the Workers' Compensation Act, a party may seek a judicial review in the county where the employee resided at the time of his injury of a TWCC panel decision within forty days after the panel's decision. TEX. LAB.CODE ANN. § 410.252 (Vernon 1996). Argonaut contends that, because Walker did not file in Delta County within forty days of the TWCC's decision, the trial court lacked jurisdiction. Walker appealed the TWCC's decision within forty days, but filed in the wrong county. He contends the forty-day limit is tolled by Section 16.064 of the Texas Civil

---

1. TEX. LAB.CODE ANN. § 410.252 (Vernon 1996) requires a party seeking judicial review of TWCC decisions to file suit in the county where the employee resided at the time of the injury.

Practice and Remedies Code[2] during the time his suit was pending in Titus County.

From 1931 to 1989, Section 8307a of the workers' compensation statute provided for the transfer of cases filed in the wrong jurisdiction:

> Any interested party who is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board shall, in the manner and within the time provided by Section 5 of Article 8307, Revised Civil Statutes of 1925, file notice with said Board, and bring suit in the county where the injury occurred to set aside said final ruling and decision; however, in the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred. Provided, however, that notice of said transfer shall be given to the parties and said suit when filed in the court to which the transfer is made, shall be considered for all purposes, the same as if originally filed in said court.

TEX.REV.CIV. STAT. ANN. art. 8307a.[3] The Legislature repealed this section when it recodified the Workers' Compensation Act in 1989. Walker contends because the Legislature repealed Article 8307a, the general saving statute, TEX. CIV. PRAC. &

REM.CODE ANN. § 16.064 (Vernon 1997) now acts to save his cause of action.

Before the effective date of Article 8307a, where a worker's compensation case was filed in a court outside the county where the injury occurred, the court had no jurisdiction to do anything with the case, except to dismiss. *Fed. Underwriters Exch. v. Pugh,* 141 Tex. 539, 174 S.W.2d 598, 600 (1943). Such court could not transfer the cause to the court having jurisdiction. The adoption of Article 8307a allowed courts to transfer a compensation case when that case had been filed in a court outside the county where the injury occurred. Under Article 8307a, Walker's case would have been subject to transfer to the district court of the proper county. TEX.REV.CIV. STAT. ANN. art. 8307a. But the Legislature recodified the Workers' Compensation Act, repealing Article 8307a, leaving the Act without a saving clause. Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, § 16.01(10)-(12), 1989 Tex. Gen. Laws 1, 114.

The question now is: In the absence of a saving clause in the Workers' Compensation Act, does the general saving statute provided in Section 16.064 apply to this case? When Article 8307a was adopted in 1931, the Legislature also adopted the predecessor to Section 16.064, TEX.REV.CIV. STAT. ANN. art. 5539a. *Vale v. Ryan,* 809 S.W.2d 324, 326 (Tex.App.-Austin 1991, no writ); *Burford v. Sun Oil Co.,* 186 S.W.2d

---

2. TEX. CIV. PRAC. & REM.CODE ANN. § 16.064 (Vernon 1997) reads as follows:

(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

(2) not later than the 60th day after the date the dismissal or other disposition be-

comes final, the action is commenced in a court of proper jurisdiction.

(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

3. TEX.REV.CIV. STAT. ANN. art. 8307a (Vernon 1967), *repealed by* Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, § 16.01(11), 1989 Tex. Gen. Laws 1, 114.

306, 310 (Tex.Civ.App.-Austin 1944, writ ref'd w.o.m.).

Before the 1989 recodification of the workers' compensation law, those cases filed in a county other than where the injury occurred were transferred to the district court for the proper county pursuant to Article 8307a. All other wrongly filed workers' compensation cases, i.e., cases filed in federal court or in state court lacking subject-matter jurisdiction, were not saved or transferred, but were dismissed. *Pan Am. Fire & Cas. Co. v. Rowlett*, 479 S.W.2d 782, 783 (Tex.Civ.App.-Eastland 1972, writ ref'd n.r.e.); *Braden v. Transport Ins. Co.*, 307 S.W.2d 655, 656 (Tex.Civ.App.-Dallas 1957, no writ); *Leadon v. Truck Ins. Exch.*, 253 S.W.2d 903, 905 (Tex.Civ.App.-Galveston 1952, no writ). The only thing preventing workers' compensation cases filed in the wrong county from being dismissed was Article 8307a. Without Article 8307a, there is nothing to distinguish Walker's case from cases filed in courts lacking subject-matter jurisdiction.

The Workers' Compensation Act involves a special statutory proceeding that must be followed in order for the court to obtain jurisdiction. It is well established that the sixty-day period in which to file in a proper court a suit dismissed for want of jurisdiction, provided for in Section 16.064, does not apply to the Workers' Compensation Act. This is true because Section 16.064 is a general statute of limitation which does not affect special statutory proceedings such as those enumerated in the Workers' Compensation Act. *Gutierrez v. Lee*, 812 S.W.2d 388, 392 (Tex.App.-Austin 1991, writ denied); *Castillo v. Allied Ins. Co.*, 537 S.W.2d 486, 487 (Tex.Civ.App.-Amarillo 1976, writ ref'd n.r.e.); *Rowlett*, 479 S.W.2d at 783; *Braden*, 307 S.W.2d at 656; *Leadon*, 253 S.W.2d at 905; *Poole v. Rutherford*, 199 S.W.2d 665, 668–69 (Tex.Civ.App.-Fort Worth 1947, writ ref'd n.r.e.).

*Castillo* and *Leadon* are very similar to this case. Both involve appeals of workers' compensation awards, which had to be brought within twenty days of the Industrial Accident Board's decision. Both plaintiffs timely filed suit, but in federal courts. The federal courts dismissed for lack of jurisdiction; both plaintiffs refiled in state court, after the twenty days had run. In each case, the plaintiff argued that the saving statute, Article 5539a (predecessor of Section 16.064), suspended the limitations period between the dismissal of the federal suit and the filing of the state suit. Each court held the saving statute inapplicable to special statutory proceedings, such as appeals in workers' compensation cases. *Castillo*, 537 S.W.2d at 487; *Leadon*, 253 S.W.2d at 905.

The only difference between this case and *Castillo* and *Leadon* is that instead of first filing in federal court Walker filed in state district court. Walker timely filed his appeal of the TWCC decision, but in the wrong county. He did not file in the proper county until well after the forty-day statutory requirement. The forty-day filing deadline requirement of Section 410.252(a) is mandatory and jurisdictional. *Johnson v. United Parcel Serv.*, 36 S.W.3d 918, 921 (Tex.App.-Dallas 2001, pet. denied); *Morales v. Employers Cas. Co.*, 897 S.W.2d 866, 868 (Tex.App.-San Antonio 1995, writ denied) (finding no reason to distinguish statutory twenty-day filing requirement under former Article 8307, § 5 that was mandatory and jurisdictional, and current forty-day requirement under Section 410.252(a)).

For these reasons, we hold that Section 16.064 does not apply and that the trial court lacked jurisdiction to hear and render judgment in this case. We therefore reverse the trial court's judgment and ren-

der judgment reinstating the TWCC's determination of Walker's impairment.

BEN Z. GRANT, Justice, concurring.

In my examination of the available material on the legislative history of the recodification of the Workers' Compensation Act in 1989, I did not find any reason why Section 8307a of the previous Act was eliminated. This provision allowed a worker's case that was erroneously filed in the wrong county to have the case transferred to the proper court. The result of the present case is unfortunate because it does not allow a court to reach the merits of the case because it was inadvertently filed in the wrong county. This is a matter which the Legislature should review to determine if a worker's compensation case should be permitted to be transferred to the proper court when a court determines it has been erroneously filed in the wrong county.

Because of the statutes now in effect, I must concur with the majority opinion.