John MAYBERRY, Appellant,

v.

AMERICAN HOME ASSURANCE COMPANY, Appellee.

No. 09–03–070 CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 6, 2003.

Decided Dec. 11, 2003.

Steven C. Barkley, Beaumont, for appellant.

Lawrence Louis Germer, Kelli B. Smith, Germer Gertz, LLP, Beaumont, for appellee.

Before McKEITHEN, C.J., BURGESS & GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

This is an appeal from a summary judgment in a workers' compensation case. Appellant John Mayberry was injured at work. His employer carried workers' compensation insurance through appellee, American Home Assurance Company. Mayberry filed a claim for benefits and, after exhausting his administrative remedies, filed a petition for judicial review in the district court of Jefferson County, Texas. *See* TEX. LAB.CODE ANN. § 410.252 (Vernon 1996).[1] At the time of his injury, Mayberry resided in Angelina County, Texas. Section 410.252(b)(1) provides a petition for judicial review must be filed in the county where the employee resided at the time of the injury. Asserting lack of jurisdiction, American filed a motion for summary judgment with the Jefferson County district court.

Rather than ruling on the motion for summary judgment, the Jefferson County court granted American's "Unopposed Motion To Transfer Venue," and transferred the case to Angelina County. Following the transfer, American again filed a motion for summary judgment, this time contending that the 217th District Court of Angelina County lacked jurisdiction, because appellant failed to timely file his petition seeking judicial review in the "appropriate court." *See* TEX. LAB.CODE ANN. § 410.252(a). The Angelina County district court granted the motion.

Section 410.252 provides as follows:

§ 410.252. Time for Filing Petition; Venue

(a) A party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division.

(b) The party bringing suit to appeal the decision must file a petition with the appropriate court in:

(1) the county where the employee resided at the time of the injury or death, if the employee is deceased; or

(2) in the case of an occupational disease, in the county where the employee resided on the date disability began or any county agreed to by the parties.

The issue before us is whether section 410.252(b) is jurisdictional. We are guided by the Texas Supreme Court's decision in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75–76 (Tex.2000). In *Dubai*, the Supreme Court overruled *Mingus v. Wadley*,

---

**1.** Effective September 1, 2003, section 410.252 was amended adding subsections (c) and (d). As these subsections were not in effect at the time Mayberry's cause of action accrued, they are not applicable in this case.

*See* Act of May 28, 2003, 78th Leg., R.S., ch. 663, § 2, 2003 Tex. Gen. Laws 2082. (Section 410.252, as amended, "applies only to a cause of action that accrues on or after the effective date of this Act....").

115 Tex. 551, 285 S.W. 1084 (1926), "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Dubai*, 12 S.W.3d at 76.

*Mingus* involved a workers' compensation claim. The applicable workers' compensation statute at that time provided several prerequisites, including a venue requirement that designated where suit was to be filed. *Mingus*, 285 S.W. at 1087–88. The *Mingus* Court concluded that, because the workers' compensation remedy was statutory, the venue requirement was jurisdictional, as follows:

> We conclude, therefore, that the above venue provisions are mandatory and jurisdictional, and that no court, though otherwise competent, has jurisdiction, except one within the territorial limits of the counties designated by the statute.

*Id.* at 1088. The *Mingus* Court held that the plaintiff's failure to establish the statutory prerequisites was jurisdictional.

In considering *Mingus*, the *Dubai* Court initially noted that a Texas district court is a court of general jurisdiction. *Dubai*, 12 S.W.3d at 75. District courts have the jurisdiction provided by Article V, Section 8 of the Texas Constitution. TEX. GOV'T CODE ANN. § 24.007 (Vernon 1988). Texas district courts "may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity." TEX. GOV'T CODE ANN. § 24.008 (Vernon 1988). The *Dubai* Court noted the general rule that all claims are presumed to fall within the jurisdiction of the district courts unless the legislature or Congress has provided that they must be heard elsewhere. *Dubai*, 12 S.W.3d at 75.

After discussing difficulties presented by the *Mingus* holding, the Court followed the "modern direction of policy," which is generally to lessen a final judgment's vulnerability to jurisdictional attacks alleging the judgment is void. *Id.* at 76 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 11 cmt. e, at 113 (1982)). "When, as here," the Court wrote, "it is difficult to tell whether or not the parties have satisfied the requisites of a particular statute, it seems perverse to treat a judgment as perpetually void merely because the court or the parties made a good-faith mistake in interpreting the law." *Id.* The Supreme Court held the trial court in *Dubai* had jurisdiction, because the wrongful death claim was within the court's constitutional jurisdiction, not because the plaintiffs satisfied all grounds listed under the particular statute in question. *Id.*

American relies on *LeBlanc v. Everest Nat'l Ins. Co.*, 98 S.W.3d 786 (Tex.App.-Corpus Christi 2003, no pet.), *In re Tyler Asphalt & Gravel Co.*, 107 S.W.3d 832 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding), and *Argonaut Southwest Ins. Co. v. Walker*, 64 S.W.3d 654 (Tex.App.-Texarkana 2001, pet. denied). In *Argonaut*, the employee filed suit in the wrong county. *Id.* at 655. His suit was dismissed. *Id.* By the time the employee re-filed his suit for judicial review in the proper county, the forty-day period for filing had passed. *Id.* The Texarkana Court of Appeals held the court in which the employee re-filed his suit lacked jurisdiction to hear and render judgment. *Id.* at 656–57. The Houston Fourteenth Court of Appeals also found the wording in section 410.252 to be jurisdictional because "[a] statute which lodges in the courts of a single county the exclusive power to try a certain type of case is jurisdictional, not a matter of venue." *In re Tyler Asphalt*, 107 S.W.3d at 843. In *LeBlanc*, the petition for judicial review was filed in the proper court, but filed on the forty-first day after the filing of the appeals panel decision, and therefore not in compliance with section 410.252(a). The trial court

granted a motion for summary judgment, apparently because of the untimely filing. *LeBlanc,* 98 S.W.3d at 787. The Corpus Christi Court of Appeals held the forty-day filing requirement is jurisdictional. *Id.* at 787–88.

*Argonaut, Tyler Asphalt,* and *LeBlanc* do not address *Dubai. Argonaut* and *LeBlanc* focus on the forty-day time requirement for filing the petition, rather than a transfer of venue issue, but, as we read *Dubai,* that does not completely distinguish the cases. We agree that judicial review is part of the statutory scheme, and both the forty-day filing provision and the venue provision are mandatory. True, there is a distinction to be made based on the requirements of the two statutory provisions, because venue may be subject to correction, while late filing may not. But the *Dubai* approach seems applicable to both statutory prerequisites; the failure to meet the requirements of the statute should go to the question of the plaintiff's right to proceed with the suit, not to the question of the court's subject matter jurisdiction. *Dubai* indicates the statutory prerequisites should not be treated as requirements for a court's subject matter jurisdiction, but rather as requirements the plaintiff must meet before plaintiff can go forward with his suit. A *Dubai* approach means mistakes in applying the statutory requirements would not make the court's judgment void for lack of subject matter jurisdiction, because the district court has constitutional jurisdiction to determine the plaintiff's right to proceed under the statute.

In *Hartford Underwriters Ins. Co. v. Hafley,* 96 S.W.3d 469 (Tex.App.-Austin 2002, no pet.), the Austin Court considered *Dubai*'s impact. In *Hafley,* the insurance carrier filed suit for judicial review in the wrong county. *Id.* at 472. A bench trial occurred. *Id.* at 471–72. The trial court affirmed the administrative decision favorable to the employee, and the carrier appealed. *Id.* In a cross-appeal, the injured employee challenged the district court's refusal to dismiss the suit for want of jurisdiction because the suit was not filed in the county of the employee's residence. *Id.* at 472. Relying on *Dubai,* the Austin Court of Appeals held section 410.252(b) is not a jurisdictional provision. *Id.* at 473. The court reasoned that "[w]hen a statutory prerequisite to suit is such that it affects only venue, without making any substantive change in the court's inherent power, it should not be held jurisdictional." *See id.* at 473.

The language of section 410.252 does not limit or create powers in a specific district court, nor does it indicate that specific district courts have no authority over workers' compensation appeals. *See generally Sierra Club v. Texas Natural Resource Conservation Comm'n,* 26 S.W.3d 684, 688 (Tex.App.-Austin 2000), *aff'd,* 70 S.W.3d 809 (Tex.2002)(Austin Court of Appeals noting that "jurisdictional" statutory provisions are those that define the scope of a court's substantive power); *see Hafley,* 96 S.W.3d at 473. Mistakes by parties and the courts may occur in the determination of proper venue in workers' compensation cases, as in other types of cases. Here, suit was filed within the forty-day time limit required by section 410.252(a), though not in the "appropriate court" as required by section 410.252(b). But nothing in section 410.252 suggests that a district court, in which a petition is mistakenly filed, lacks authority to transfer the case to the proper court. We hold section 410.252(b) is not a jurisdictional basis for the court's authority but rather designates the appropriate venue for the case.

The trial court erred in granting American's motion for summary judgment. The Jefferson County district court had juris-

diction to transfer the case to the court of proper venue, the Angelina County district court. The Angelina County district court has jurisdiction to review the Workers' Compensation Commission's decision, even though the petition for review was originally filed in the wrong court and reached the appropriate court by transfer. We remand this cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.