In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-070 CV


____________________



JOHN MAYBERRY, Appellant



V.



AMERICAN HOME ASSURANCE COMPANY, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Court Cause No. CV-34649






OPINION


 This is an appeal from a summary judgment in a workers' compensation case. 
Appellant John Mayberry was injured at work. His employer carried workers'
compensation insurance through appellee, American Home Assurance Company. 
Mayberry filed a claim for benefits and, after exhausting his administrative remedies, filed
a petition for judicial review in the district court of Jefferson County, Texas. See Tex.
Lab. Code Ann. § 410.252 (Vernon 1996). (1) At the time of his injury, Mayberry resided
in Angelina County, Texas. Section 410.252(b)(1) provides a petition for judicial review
must be filed in the county where the employee resided at the time of the injury. Asserting
lack of jurisdiction, American filed a motion for summary judgment with the Jefferson
County district court. 

 Rather than ruling on the motion for summary judgment, the Jefferson County court
granted American's "Unopposed Motion To Transfer Venue," and transferred the case to
Angelina County. Following the transfer, American again filed a motion for summary
judgment, this time contending that the 217th District Court of Angelina County lacked
jurisdiction, because appellant failed to timely file his petition seeking judicial review in
the "appropriate court." See Tex. Lab. Code Ann. § 410.252(a). The Angelina County
district court granted the motion.

 Section 410.252 provides as follows:






 § 410.252. Time for Filing Petition; Venue


 (a) A party may seek judicial review by filing suit not later than the 40th
day after the date on which the decision of the appeals panel was filed with
the division.


 (b) The party bringing suit to appeal the decision must file a petition with
the appropriate court in:


 (1) the county where the employee resided at the time of the
injury or death, if the employee is deceased; or


 (2) in the case of an occupational disease, in the county where
the employee resided on the date disability began or any
county agreed to by the parties.


The issue before us is whether section 410.252(b) is jurisdictional. We are guided by the
Texas Supreme Court's decision in Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75-76
(Tex. 2000). In Dubai, the Supreme Court overruled Mingus v. Wadley, 115 Tex. 551,
285 S.W. 1084 (1926), "to the extent that it characterized the plaintiff's failure to establish
a statutory prerequisite as jurisdictional." Dubai, 12 S.W.3d at 76. 

 Mingus involved a workers' compensation claim. The applicable workers'
compensation statute at that time provided several prerequisites, including a venue
requirement that designated where suit was to be filed. Mingus, 285 S.W. at 1087-88. 
The Mingus Court concluded that, because the workers' compensation remedy was
statutory, the venue requirement was jurisdictional, as follows: 

 We conclude, therefore, that the above venue provisions are mandatory and 
jurisdictional, and that no court, though otherwise competent, has
jurisdiction, except one within the territorial limits of the counties designated
by the statute.


Id. at 1088. The Mingus Court held that the plaintiff's failure to establish the statutory
prerequisites was jurisdictional. 

 In considering Mingus, the Dubai Court initially noted that a Texas district court
is a court of general jurisdiction. Dubai, 12 S.W.3d at 75. District courts have the
jurisdiction provided by Article V, Section 8 of the Texas Constitution. Tex. Gov't Code
Ann. § 24.007 (Vernon 1988). Texas district courts "may hear and determine any cause
that is cognizable by courts of law or equity and may grant any relief that could be granted
by either courts of law or equity." Tex. Gov't Code Ann. § 24.008 (Vernon 1988). The
Dubai Court noted the general rule that all claims are presumed to fall within the
jurisdiction of the district courts unless the legislature or Congress has provided that they
must be heard elsewhere. Dubai, 12 S.W.3d at 75. 

 After discussing difficulties presented by the Mingus holding, the Court followed
the "modern direction of policy," which is generally to lessen a final judgment's
vulnerability to jurisdictional attacks alleging the judgment is void. Id. at 76 (quoting
Restatement (Second) of Judgments § 11 cmt. e, at 113 (1982)). "When, as here,"
the Court wrote, "it is difficult to tell whether or not the parties have satisfied the
requisites of a particular statute, it seems perverse to treat a judgment as perpetually void
merely because the court or the parties made a good-faith mistake in interpreting the law." 
Id. The Supreme Court held the trial court in Dubai had jurisdiction, because the wrongful
death claim was within the court's constitutional jurisdiction, not because the plaintiffs
satisfied all grounds listed under the particular statute in question. Id. 

 American relies on LeBlanc v. Everest Nat'l Ins. Co., 98 S.W.3d 786 (Tex. App.--Corpus Christi 2003, no pet.), In re Tyler Asphalt & Gravel Co., 107 S.W.3d 832 (Tex.
App.--Houston [14th Dist.] 2003, orig. proceeding), and Argonaut Southwest Ins. Co. v.
Walker, 64 S.W.3d 654 (Tex. App.--Texarkana 2001, pet. denied). In Argonaut, the
employee filed suit in the wrong county. Id. at 655. His suit was dismissed. Id. By the
time the employee re-filed his suit for judicial review in the proper county, the forty-day
period for filing had passed. Id. The Texarkana Court of Appeals held the court in which
the employee re-filed his suit lacked jurisdiction to hear and render judgment. Id. at 656-57. The Houston Fourteenth Court of Appeals also found the wording in section 410.252
to be jurisdictional because "[a] statute which lodges in the courts of a single county the
exclusive power to try a certain type of case is jurisdictional, not a matter of venue." In
re Tyler Asphalt, 107 S.W.3d at 843. In LeBlanc, the petition for judicial review was filed
in the proper court, but filed on the forty-first day after the filing of the appeals panel
decision, and therefore not in compliance with section 410.252(a). The trial court granted
a motion for summary judgment, apparently because of the untimely filing. LeBlanc, 98
S.W.3d at 787. The Corpus Christi Court of Appeals held the forty-day filing requirement
is jurisdictional. Id. at 787-88.

 Argonaut, Tyler Asphalt, and LeBlanc do not address Dubai. Argonaut and LeBlanc
focus on the forty-day time requirement for filing the petition, rather than a transfer of
venue issue, but, as we read Dubai, that does not completely distinguish the cases. We
agree that judicial review is part of the statutory scheme, and both the forty-day filing
provision and the venue provision are mandatory. True, there is a distinction to be made
based on the requirements of the two statutory provisions, because venue may be subject
to correction, while late filing may not. But the Dubai approach seems applicable to both
statutory prerequisites; the failure to meet the requirements of the statute should go to the
question of the plaintiff's right to proceed with the suit, not to the question of the court's
subject matter jurisdiction. Dubai indicates the statutory prerequisites should not be
treated as requirements for a court's subject matter jurisdiction, but rather as requirements
the plaintiff must meet before plaintiff can go forward with his suit. A Dubai approach
means mistakes in applying the statutory requirements would not make the court's
judgment void for lack of subject matter jurisdiction, because the district court has
constitutional jurisdiction to determine the plaintiff's right to proceed under the statute. 


 In Hartford Underwriters Ins. Co. v. Hafley, 96 S.W.3d 469 (Tex. App.--Austin
2002, no pet.), the Austin Court considered Dubai's impact. In Hafley, the insurance
carrier filed suit for judicial review in the wrong county. Id. at 472. A bench trial
occurred. Id. at 471-72. The trial court affirmed the administrative decision favorable to
the employee, and the carrier appealed. Id. In a cross-appeal, the injured employee
challenged the district court's refusal to dismiss the suit for want of jurisdiction because
the suit was not filed in the county of the employee's residence. Id. at 472. Relying on
Dubai, the Austin Court of Appeals held section 410.252(b) is not a jurisdictional
provision. Id. at 473. The court reasoned that "[w]hen a statutory prerequisite to suit is
such that it affects only venue, without making any substantive change in the court's
inherent power, it should not be held jurisdictional." See id. at 473. 

 The language of section 410.252 does not limit or create powers in a specific district
court, nor does it indicate that specific district courts have no authority over workers'
compensation appeals. See generally Sierra Club v. Texas Natural Resource Conservation
Comm'n, 26 S.W.3d 684, 688 (Tex. App.--Austin 2000), aff'd, 70 S.W.3d 809 (Tex.
2002)(Austin Court of Appeals noting that "jurisdictional" statutory provisions are those
that define the scope of a court's substantive power); see Hafley, 96 S.W.3d at 473. 
Mistakes by parties and the courts may occur in the determination of proper venue in
workers' compensation cases, as in other types of cases. Here, suit was filed within the
forty-day time limit required by section 410.252(a), though not in the "appropriate court"
as required by section 410.252(b). But nothing in section 410.252 suggests that a district
court, in which a petition is mistakenly filed, lacks authority to transfer the case to the
proper court. We hold section 410.252(b) is not a jurisdictional basis for the court's
authority but rather designates the appropriate venue for the case. 

 The trial court erred in granting American's motion for summary judgment. The
Jefferson County district court had jurisdiction to transfer the case to the court of proper
venue, the Angelina County district court. The Angelina County district court has
jurisdiction to review the Workers' Compensation Commission's decision, even though the
petition for review was originally filed in the wrong court and reached the appropriate
court by transfer. We remand this cause for further proceedings consistent with this
opinion. 

 REVERSED AND REMANDED.

 __________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on November 6, 2003

Delivered December 11, 2003


Before McKeithen, C.J., Burgess & Gaultney, J.J.
1. Effective September 1, 2003, section 410.252 was amended adding subsections (c)
and (d). As these subsections were not in effect at the time Mayberry's cause of action
accrued, they are not applicable in this case. See Act of May 28, 2003, 78th Leg., R.S.,
ch. 663, § 2, 2003 Tex. Gen. Laws 2082. (Section 410.252, as amended, "applies only
to a cause of action that accrues on or after the effective date of this Act . . . .").