In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00038-CV


______________________________




ARGONAUT SOUTHWEST INSURANCE COMPANY, Appellant



V.



AMOS WALKER, Appellee




 


On Appeal from the 62nd Judicial District Court


Delta County, Texas


Trial Court No. 9233



 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross


Concurring Opinion by Justice Grant


O P I N I O N



 Amos Walker filed suit in Delta County appealing the determination by the Texas
Workers' Compensation Commission (TWCC) that he had an impairment rating of thirteen
percent. Argonaut Southwest Insurance Company appeals a jury verdict finding Walker's
impairment is fifteen percent. Argonaut's sole contention is the trial court lacked
jurisdiction to hear and render judgment in this case. 

 On January 8, 1991, Walker suffered a work-related injury. At the time of the injury,
Walker resided in Delta County. Walker filed a worker's compensation claim and appealed
the TWCC's determination of his impairment rating. The TWCC filed its decision affirming
the impairment rating on July 27, 1994.

 Walker appealed the TWCC's decision on September 1, 1994, by filing suit in the
76th Judicial District Court of Titus County, but that court dismissed his case on
September 17, 1997, because it lacked subject-matter jurisdiction due to the fact Walker
resided in Delta County at the time of injury, not Titus County. (1) Walker then filed suit on
November 12, 1997, in the 62nd Judicial District Court of Delta County, appealing the
TWCC decision of July 27, 1994. The district court in Delta County rendered judgment on
August 28, 2000, in Walker's favor pursuant to a jury verdict. Argonaut appeals,
contending the trial court lacked jurisdiction to hear Walker's case.

 Under the Workers' Compensation Act, a party may seek a judicial review in the
county where the employee resided at the time of his injury of a TWCC panel decision
within forty days after the panel's decision. Tex. Lab. Code Ann. § 410.252 (Vernon 1996). 
Argonaut contends that, because Walker did not file in Delta County within forty days of
the TWCC's decision, the trial court lacked jurisdiction. Walker appealed the TWCC's
decision within forty days, but filed in the wrong county. He contends the forty-day limit is
tolled by Section 16.064 of the Texas Civil Practice and Remedies Code (2) during the time
his suit was pending in Titus County.

 From 1931 to 1989, Section 8307a of the workers' compensation statute provided
for the transfer of cases filed in the wrong jurisdiction:

 Any interested party who is not willing and does not consent to abide
by the final ruling and decision of the Industrial Accident Board shall, in the
manner and within the time provided by Section 5 of Article 8307, Revised
Civil Statutes of 1925, file notice with said Board, and bring suit in the county
where the injury occurred to set aside said final ruling and decision; however,
in the event such suit is brought in any county other than the county where
the injury occurred, the Court in which same is filed shall, upon ascertaining
that it does not have jurisdiction to render judgment upon the merits, transfer
the case to the proper Court in the county where the injury occurred.
Provided, however, that notice of said transfer shall be given to the parties
and said suit when filed in the court to which the transfer is made, shall be
considered for all purposes, the same as if originally filed in said court.


Tex. Rev. Civ. Stat. Ann. art. 8307a. (3) The Legislature repealed this section when it
recodified the Workers' Compensation Act in 1989. Walker contends because the
Legislature repealed Article 8307a, the general saving statute, Tex. Civ. Prac. & Rem.
Code Ann. § 16.064 (Vernon 1997) now acts to save his cause of action.

 Before the effective date of Article 8307a, where a worker's compensation case was
filed in a court outside the county where the injury occurred, the court had no jurisdiction
to do anything with the case, except to dismiss. Fed. Underwriters Exch. v. Pugh, 141 Tex.
539, 174 S.W.2d 598, 600 (1943). Such court could not transfer the cause to the court
having jurisdiction. The adoption of Article 8307a allowed courts to transfer a
compensation case when that case had been filed in a court outside the county where the
injury occurred. Under Article 8307a, Walker's case would have been subject to transfer
to the district court of the proper county. Tex. Rev. Civ. Stat. Ann. art. 8307a. But the
Legislature recodified the Workers' Compensation Act, repealing Article 8307a, leaving the
Act without a saving clause. Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1,
§ 16.01(10)-(12), 1989 Tex. Gen. Laws 1, 114.

 The question now is: In the absence of a saving clause in the Workers'
Compensation Act, does the general saving statute provided in Section 16.064 apply to this
case? When Article 8307a was adopted in 1931, the Legislature also adopted the
predecessor to Section 16.064, Tex. Rev. Civ. Stat. Ann. art. 5539a. Vale v. Ryan, 809
S.W.2d 324, 326 (Tex. App.-Austin 1991, no writ); Burford v. Sun Oil Co., 186 S.W.2d
306, 310 (Tex. Civ. App.-Austin 1944, writ ref'd w.o.m.).

 Before the 1989 recodification of the workers' compensation law, those cases filed
in a county other than where the injury occurred were transferred to the district court for the
proper county pursuant to Article 8307a. All other wrongly filed workers' compensation
cases, i.e., cases filed in federal court or in state court lacking subject-matter jurisdiction,
were not saved or transferred, but were dismissed. Pan Am. Fire & Cas. Co. v. Rowlett,
479 S.W.2d 782, 783 (Tex. Civ. App.-Eastland 1972, writ ref'd n.r.e.); Braden v. Transport
Ins. Co., 307 S.W.2d 655, 656 (Tex. Civ. App.-Dallas 1957, no writ); Leadon v. Truck Ins.
Exch., 253 S.W.2d 903, 905 (Tex. Civ. App.-Galveston 1952, no writ). The only thing
preventing workers' compensation cases filed in the wrong county from being dismissed
was Article 8307a. Without Article 8307a, there is nothing to distinguish Walker's case
from cases filed in courts lacking subject-matter jurisdiction.

 The Workers' Compensation Act involves a special statutory proceeding that must
be followed in order for the court to obtain jurisdiction. It is well established that the sixty-day period in which to file in a proper court a suit dismissed for want of jurisdiction,
provided for in Section 16.064, does not apply to the Workers' Compensation Act. This is
true because Section 16.064 is a general statute of limitation which does not affect special
statutory proceedings such as those enumerated in the Workers' Compensation Act. 
Gutierrez v. Lee, 812 S.W.2d 388, 392 (Tex. App.-Austin 1991, writ denied); Castillo v.
Allied Ins. Co., 537 S.W.2d 486, 487 (Tex. Civ. App.-Amarillo 1976, writ ref'd n.r.e.);
Rowlett, 479 S.W.2d at 783; Braden, 307 S.W.2d at 656; Leadon, 253 S.W.2d at 905;
Poole v. Rutherford, 199 S.W.2d 665, 668-69 (Tex. Civ. App.-Fort Worth 1947, writ ref'd
n.r.e.). 

 Castillo and Leadon are very similar to this case. Both involve appeals of workers'
compensation awards, which had to be brought within twenty days of the Industrial
Accident Board's decision. Both plaintiffs timely filed suit, but in federal courts. The
federal courts dismissed for lack of jurisdiction; both plaintiffs refiled in state court, after the
twenty days had run. In each case, the plaintiff argued that the saving statute, Article
5539a (predecessor of Section 16.064), suspended the limitations period between the
dismissal of the federal suit and the filing of the state suit. Each court held the saving
statute inapplicable to special statutory proceedings, such as appeals in workers'
compensation cases. Castillo, 537 S.W.2d at 487; Leadon, 253 S.W.2d at 905.

 The only difference between this case and Castillo and Leadon is that instead of first
filing in federal court Walker filed in state district court. Walker timely filed his appeal of
the TWCC decision, but in the wrong county. He did not file in the proper county until well
after the forty-day statutory requirement. The forty-day filing deadline requirement of
Section 410.252(a) is mandatory and jurisdictional. Johnson v. United Parcel Serv., 36
S.W.3d 918, 921 (Tex. App.-Dallas 2001, pet. denied); Morales v. Employers Cas. Co.,
897 S.W.2d 866, 868 (Tex. App.-San Antonio 1995, writ denied) (finding no reason to
distinguish statutory twenty-day filing requirement under former Article 8307, § 5 that was
mandatory and jurisdictional, and current forty-day requirement under Section 410.252(a)).

 For these reasons, we hold that Section 16.064 does not apply and that the trial
court lacked jurisdiction to hear and render judgment in this case. We therefore reverse
the trial court's judgment and render judgment reinstating the TWCC's determination of
Walker's impairment.



 Donald R. Ross

 Justice



CONCURRING OPINION



 In my examination of the available material on the legislative history of the
recodification of the Workers' Compensation Act in 1989, I did not find any reason why
Section 8307a of the previous Act was eliminated. This provision allowed a worker's case
that was erroneously filed in the wrong county to have the case transferred to the proper
court. The result of the present case is unfortunate because it does not allow a court to
reach the merits of the case because it was inadvertently filed in the wrong county. This
is a matter which the Legislature should review to determine if a worker's compensation
case should be permitted to be transferred to the proper court when a court determines it
has been erroneously filed in the wrong county.

 Because of the statutes now in effect, I must concur with the majority opinion.



 Ben Z. Grant

 Justice


Date Submitted: December 5, 2001

Date Decided: December 21, 2001


Publish

1. Tex. Lab. Code Ann. § 410.252 (Vernon 1996) requires a party seeking judicial
review of TWCC decisions to file suit in the county where the employee resided at the time
of the injury.
2. Tex. Civ. Prac. & Rem. Code Ann. § 16.064 (Vernon 1997) reads as follows:


 (a) The period between the date of filing an action in a trial court
and the date of a second filing of the same action in a different court
suspends the running of the applicable statute of limitations for the period if:


 (1) because of lack of jurisdiction in the trial court where the
action was first filed, the action is dismissed or the judgment is set
aside or annulled in a direct proceeding; and 


 (2) not later than the 60th day after the date the dismissal
or other disposition becomes final, the action is commenced in a court
of proper jurisdiction. 


 (b) This section does not apply if the adverse party has shown in
abatement that the first filing was made with intentional disregard of proper
jurisdiction. 
3. Tex. Rev. Civ. Stat. Ann. art. 8307a (Vernon 1967), repealed by Texas Workers'
Compensation Act, 71st Leg., 2d C.S., ch. 1, § 16.01(11), 1989 Tex. Gen. Laws 1, 114. 


en="false"
 UnhideWhenUsed="false" Name="Medium List 2 Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00045-CV

                                                ______________________________

 

 

 

           IN RE:  ESTATE OF
PEGGY BEATY WILLIAMS, DECEASED

 

 

                                                                                                  


 

 

                                                  On Appeal from the Probate Court

                                                             Panola County, Texas

                                                             Trial
Court No. 9607

 

                                                                          
                        

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Thomas
Claybern Williams, John Ben Williams, and Naomi Williams Hewitt, the appellants
in this case, have filed a motion seeking to dismiss their appeal.  Pursuant to Rule 42.1 of the Texas Rules of
Appellate Procedure, their motion is granted. 
Tex. R. App. P. 42.1.

            We
dismiss the appeal.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          February 3, 2011

Date Decided:             February 4, 2011