**Affirmed and Memorandum Opinion filed December 19, 2019.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-18-00122-CV

---

**MARTHA PATRICIA VALENCIA, Appellant**

**V.**

**THOMAS MCLENDON, INDIVIDUALLY AND AS OWNER AND REPRESENTATIVE OF YEAH YOU RIGHT ENTERPRISES, INC. D/B/A THE BIG EASY SOCIAL AND PLEASURE BAR, AND ANTHONY BAZILE, INDIVIDUALLY AND AS TRUSTEE OF BAZILE LIVING TRUST, Appellees**

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2017-59455**

---

## MEMORANDUM OPINION

Appellant Martha Patricia Valencia ("Valencia") challenges the trial court's summary judgment order dismissing her negligence claim against Thomas McLendon ("McLendon"), individually and as owner and representative of Yeah You Right Enterprises, Inc. d/b/a The Big Easy Social and Pleasure Bar, and

Anthony Bazile ("Bazile"), individually and as trustee of Bazile Living Trust (collectively "appellees") as time-barred by the statute of limitation. We affirm.

## I. Background

The underlying facts of this case are undisputed. On September 11, 2017, Valencia, proceeding *pro se*, filed a negligence suit against appellees in Harris County District Court. In her Original Petition, Valencia alleged that on August 8, 2014, she went to hear live music at The Big Easy Social and Pleasure Club, located at 5731 Kirby Drive, Houston, Harris County, Texas. Valencia parked her car in the The Big Easy's parking lot, which is behind the building. While parked in The Big Easy's lot, Valencia's car was broken into, the driver's side window was smashed, and her belongings stolen. Valencia immediately notified employees of The Big Easy and the Houston Police Department.

Appellees filed their original answers, asserting the affirmative defense of limitations. Appellee Bazile, Individually and as trustee of Bazile Living Trust filed a motion for summary judgment, seeking dismissal based on the two-year statute of limitations. Thereafter, counsel for Valencia filed a notice of appearance. Appellee McLendon, Individually and as Owner and Representative of Yeah You Right Enterprises, Inc. d/b/a The Big Easy Social and Pleasure Club filed a traditional motion for summary judgment, asserting Valencia's claims were untimely filed and that the statute of limitations was not tolled based on Valencia's previously filed voluntary nonsuit in justice court. McLendon attached exhibits to his traditional motion, including pleadings from the initial lawsuit in the justice court. After allowing Valencia a continuance in order to file a response, the motions were set for submission on the November 27, 2017, at 8:00 a.m.

Valencia did not file a response seven days prior to the submission setting on November 27, 2017, at 8:00 a.m.; rather, Valencia asserts that on the submission

2

date, she filed a motion for leave to file a late response together with a response. Valencia argued in her response to appellees' motions for summary judgment that her case was not time-barred. Valencia attached as exhibits to her response, pleadings filed in the justice court, including Valencia's Notice of Nonsuit Without Prejudice and the Order of Dismissal Without Prejudice signed by the Justice of the Peace, Precinct 1, Place 1. Valencia's request for leave to file a late response was never granted.

On November 28, 2017, the trial court signed its Order Granting Motion for Summary Judgment as to All Defendants. On December 28, 2017, Valencia filed a Verified Motion for New Trial, maintaining that the statute of limitations was tolled. Appellees files their respective responses. Valencia filed a Reply. After conducting a hearing on February 9, 2018, the trial court denied Valencia's motion for new trial. This appeal timely followed.

## II. Analysis

In her appellate brief, Valencia raises four issues, which we address in turn below.

### A. Standard of review

The standard we follow when reviewing a summary judgment is well established. We review *de novo* the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A genuine issue of material fact exists if the nonmovant produces more than a scintilla of probative evidence regarding the challenged element. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We review the evidence presented in the motion

and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Fielding*, 289 S.W.3d at 848.

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *see also Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id*.

## B.     Valencia's response

In her fourth issue, Valencia contends the trial erred by failing to rule on her motion for leave to late-file her responses to appellees' motions for summary judgment. Valencia, however, concedes that she did not file her response to appellees' motions for summary judgment seven days before the submission on November 27, 2017, at 8:00 a.m. Valencia further acknowledges that she did not receive a ruling on her request to file late responses.

Except on leave of court, the non-movant in a summary judgment must file her response and opposing affidavits at least seven days prior to a summary-judgment hearing. *See* Tex. R. Civ. P. 166a(c). If the response is filed late and the record does not reflect that leave was granted, we presume the trial court did not consider the response in rendering its decision. *See INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985); *Brown v. Shores*, 77 S.W.3d 884, 886 (Tex. App.—Houston [14th Dist.] 2002, no pet.). When a response is not filed, the nonmovant can only attack the legal sufficiency of the movant's summary judgment evidence

4

on appeal.  *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Here, appellees filed motions for summary judgment on September 29 and October 20, 2017 and provided notice for ruling on November 10, 2017.  On the hearing date, Valencia requested extra time to respond to appellees' motions.  The trial court allowed Valencia an extra 10 days to respond by requiring appellees to reset the submission date to no earlier than November 27, 2017, which they did.  Despite receiving additional time to respond to the motions, Valencia did not file a timely response.  Instead, she again sought, on the hearing date—*i.e.*, November 27, 2017, leave to file late responses and her response with no order or notice of hearing.

The record does not indicate the trial court granted leave for the late filing.  Thus, we must presume the trial court did not consider the response and evidence attached in rendering its summary judgment. *See* Tex. R. Civ. P. 166a(c); *INA*, 686 S.W.2d at 615.  Accordingly, we do not consider the affidavits in this appeal.  *See* Tex. R. Civ. P. 166a(c); *see also Brown*, 77 S.W.3d at 886 (holding, "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal").

Valencia concedes that her response was untimely and there is no ruling on her motion for leave.  Under these circumstances, we presume the trial court did not consider the response. *See INA*, 686 S.W.2d at 615.  Additionally, we will not consider evidence attached to the response in this appeal. *See Brown*, 77 S.W.3d at 886.  Valencia has not shown that the trial court erred in exercising its discretion in not ruling on Valencia's motion for leave, because it was never set for hearing and no order was attached to her motion.

Valencia's fourth issue is overruled.

## C.     Statute of limitations

In her first, second, and third issues, Valencia asserts the trial court erred in granting appellees' motions for summary judgment on limitations because there are disputed issues of fact.  Valencia argues that the trial court erred by not tolling limitations under the exception found in section 16.064 of the Civil Practice and Remedies Code, asserting her nonsuit in the justice court satisfies the provision. Valencia also contends the trial court erred by not granting her request for a "good-faith" application of section 16.064, arguing the tolling provision "should be extended to apply to voluntary dismissals based upon acknowledged lack of jurisdiction by the court in which the nonsuit is filed and case dismissed based thereon."

### 1.     Two-year statute of limitation for negligence claim

A plaintiff must bring suit for negligence within two years from the day the cause of action accrues.  *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *see also KPMG Peat Marwick*, 988 S.W.2d at 750.  In most cases, a cause of action accrues, and the statute of limitations begins to run when a wrongful act causes an injury, even if that injury is not discovered until later.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003); *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 789 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

In this case, appellees asserted the statute of limitations as an affirmative defense and had the burden of establishing the elements of that defense as a matter of law.  *KPMG Peat Marwick*, 988 S.W.2d at 748.  Appellees referenced Valencia's Original Petition, which was filed on September 11, 2017.  Valencia alleges in Sections D and E of the petition that, on or about August 8, 2014, she went to The Big Easy Social and Pleasure Club to hear live music. Her vehicle was broken into while parked in the parking lot behind The Big Easy Social and

Pleasure Club and now claims Defendants' negligence was the cause of her damages.

Valencia had until August 8, 2016, two years from the date of the alleged incident, to bring her claim for negligence. Her Original Petition was filed over thirteen months late. Contrary to Valencia's contention, appellees met their evidentiary burden by incorporating pleadings, affidavits and authenticated public records. Valencia failed to show any factual dispute. Because Valencia failed to timely file suit, her negligence claims are barred by the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *see also KPMG Peat Marwick*, 988 S.W.2d at 750.

## 2. The tolling provision of Section 16.064(a)(1) is inapplicable

Valencia contends the trial court erred by not tolling the limitations period pursuant to Section 16.064 of the Civil Practice and Remedies Code. According to Valencia, she initially filed her Original Petition timely in the justice court; however, she realized her damages were outside the jurisdiction of the justice court. Instead of waiting for the justice court to rule on Defendants' pleas to the jurisdiction or Valencia's motion to remove the case to district court, Valencia voluntarily filed a nonsuit without prejudice in justice court. Thereafter, the justice court signed an Order of Dismissal Without Prejudice. The Order of Dismissal provided as follows:

> Pursuant to Plaintiff M. PATRICIA VALENCIA's *Plaintiff's Notice of Nonsuit Without Prejudice* filed on July 17, 2017, the Court hereby ORDERS this case dismissed without prejudice to Plaintiff's right to re-file her claims in a court of competent jurisdiction.

Valencia alleges she timely filed this case within 60 days of the justice court dismissal. Thus, Valencia contends section 16.064 tolls the limitations period. We disagree.

7

Section 16.064 of the Civil Practice and Remedies Code, titled "Effect of Lack of Jurisdiction," provides as follows:

> (a)     The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
>> (1)     because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
>>
>> (2)     not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
>
> (b)     This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

Tex. Civ. Prac. & Rem. Code § 16.064.

Here, Valencia's nonsuit of her claims does not satisfy section 16.064(a)(1) limited exceptions.  Under the Texas Rules of Civil Procedure, "[a]t any time before the plaintiff has introduced all of [her] evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes."  Tex. R. Civ. P. 162; *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  A nonsuit "extinguishes a case or controversy from 'the moment the motion is filed' or an oral motion is made in open court. . . ." *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (quoting *Shadowbrook Apartments v. Abu–Ahmad*, 783 S.W.2d 210, 211 (Tex.1990) (per curiam)).

"A nonsuit of the plaintiff's cause of action," therefore, "is not an adjudication of the rights of the parties and does not extend to the merits of the action; it merely puts them back in the position they were in before the lawsuit was brought."  *Waterman v. Steamship Corp. v. Ruiz*, 355 S.W.3d 387, 398 (Tex.

8

App.—Houston [1st Dist.] 2011, pet. denied) (whether section 16.064 applies is a question of law). In this case, the evidence demonstrates that Valencia voluntarily nonsuited her case in the justice court. She filed a "Notice of Nonsuit" in the original suit, alleged in that pleading that she was "hereby nonsuiting this [Justice of the Peace court] case," and confirmed in her original petition here that she had (in fact) nonsuited those claims. Valencia's claims against appellees were extinguished on July 17, 2017—the date the notice of nonsuit was filed, and appellees were put "back in the position they were in before the lawsuit was brought." *See Ruiz*, 355 S.W.3d at 398.

Section 16.064 ("Effect of Lack of Jurisdiction") does not contradict this black letter law. Rather, "[b]y its express terms, § 16.064 does not suspend the running of limitations until (a) the court without jurisdiction dismisses the case (b) because it lacks jurisdiction." *See Gutierrez v. Lee*, 812 S.W.2d 388, 392 (Tex. App.—Austin 1991, writ denied). Courts interpreting this section have held that the "savings clause" of section 16.064(a)(1) does not apply to cases where a plaintiff voluntarily nonsuits her case. *See, e.g., Malmgren v. Inverness Forest Residents Civic Club, Inc.*, 981 S.W.2d 875, 880 n.3 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("A voluntary dismissal is not equivalent to a dismissal for lack of jurisdiction," so that once the plaintiff "voluntarily nonsuited its case, it abandoned its claim and it was as if it had never been instituted."); *Dalo v. Laughlin*, 636 S.W.2d 585, 589 (Tex. App.—San Antonio 1982, no writ) (in interpreting section 16.064's predecessor statute, concluding that the statute "could not breathe continuing life into the present suit, for [the earlier lawsuit] was nonsuited rather than dismissed for want of jurisdiction of the trial court."); *see also Lewallen v. Cross*, No. 03-14-0026-CV, 2014 WL 4365081, at *4 (Tex. App.—Austin 2014, no pet.) (mem. op.) ("The provisions of section 16.064 specify that tolling applies only when the first-filed suit is dismissed for lack of

jurisdiction," so that as "the record reflects that their attorney voluntarily nonsuited the [plaintiffs'] county court suit after they had filed the same suit in district court and the statute of limitations had run," that "nonsuit made statutory tolling inapplicable.").

In this case, Valencia attempts to shift our focus solely on her intent or desire to re-file and attempts to circumvent her dismissal by arguing that her voluntary dismissal by nonsuit was actually a dismissal for lack of jurisdiction. Valencia offers no support or authority for this contention. Contrary to Valencia's argument, a nonsuit is not a dismissal for lack of jurisdiction. Here, no court dismissed Valencia's case, much less because it lacked jurisdiction. *See Gutierrez*, 812 S.W.2d at 392. Instead, she voluntarily chose to nonsuit her claims. Any tactical error in doing so was "not meant to be remedied by the savings statute" of section 16.064(a)(1). *See In re United Services Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010). Section 16.064 does not toll the limitations period. Valencia's claims remain time barred.

### 3. No basis for "good faith" application of section 16.064

Lastly, Valencia argues the trial court erred for failing to grant her request for a good faith application of section 16.064. This claim is not supported by the evidence of record. Additionally, Valencia provides no authority for her contention. As set forth above, the justice court did not dismiss this case under a Plea to the Jurisdiction but merely executed Valencia's prepared Order of Dismissal based on her nonsuit. By its own terms, only a dismissal for lack of jurisdiction invokes the savings clause of section 16.064. Tex. Civ. Prac. & Rem. Code § 16.064.

For the reasons set forth above, we conclude appellees proved as a matter of law that the statute of limitations bars Valencia's negligence claims stemming from

the alleged incident at The Big Easy on August 8, 2014.

Valencia's first, second, and third issues are overruled.

### III.  Conclusion

The judgment of the trial court is affirmed.

/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justices Christopher, Spain, and Poissant.